# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>        Petitioner,<br><br>  v.<br><br>CAL TERHUNE, Warden,<br><br>        Respondent. | 1:99-CV-06044 AWI LJO HC<br><br>ORDER DENYING PETITIONER'S<br>MOTION FOR RECONSIDERATION<br><br>[Doc. #34] |

## BACKGROUND

Petitioner is a state prisoner who had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 28, 2000, the undersigned issued an order that adopting the Magistrate Judge's Report and Recommendation, granted Respondent's motion to dismiss, and dismissed the petition because the petition was filed outside of 28 U.S.C. § 2244(d)(1)'s one year limitation period and some of the petition's claims were unexhausted. On March 29, 2000, the Clerk of the Court entered judgement.

On April 12, 2000, Petitioner filed a notice of appeal. The record on appeal was returned on December 28, 2000.

On January 19, 2007, Petitioner field a motion to re-open this case.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment based on specific grounds, such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief.   The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

All motions made pursuant to Rule 60(b)(1)-(3) must be brought not more than one year from the entrance of the order. All other Rule 60(b) motions must be brought "within a reasonable time." "What constitutes reasonable time depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties."  Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam).

Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

In his motion for reconsideration, Petitioner contends the court erred some seven years ago in finding that Petitioner's federal habeas corpus petition did not comply with 28 U.S.C. § 2244(d)(1)'s

one year statute of limitations. The only grounds that would allow the court to re-open this case at this late date would be some "extraordinary circumstances" that would justify relief. Petitioner has simply failed to make a showing that such extraordinary circumstances exist, and as such, Petitioner is not entitled to relief from judgment pursuant to Federal Rule 60(b). In his motion, Petitioner contends that he could not immediately file a federal habeas corpus petition because he first had to exhaust his state remedies. However, the court took into account Petitioner's need to exhaust state remedies and provided Petitioner some tolling pursuant to 28 U.S.C. § 2244(d)(2). In addition, Petitioner claims Respondent never addressed Petitioner's claims of equitable tolling. Nothing in the Federal Rules of Civil Procedure, Rules Governing Habeas Corpus Petitions Brought Pursuant to Section 2254, nor this court's Local Rules required Respondent to file a reply brief. Petitioner's claims of equitable tolling based on his medical needs and the absence of a fellow inmate, who had been assisting Petitioner, were addressed and rejected by the court. Petitioner's motion simply raises no new contentions that were not already considered and rejected by the court, and nothing mentioned in Petitioner's motion rises to the level of extraordinary circumstances. In addition, Petitioner has not explained why he waited seven years to file this motion and why the contentions made in this motion could not have been raised earlier. Reconsideration in this case is simply not warranted.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:** **April 11, 2007**             /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE